UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CYNTHIA FINKS
    1546 Forest Villa Lane
    McLean, Virginia 22101

    Plaintiff,

v.

CIGNA INSURANCE COMPANY

  Serve:
  Cassandra Parker-Brown
  Senior Claims Manager
  Gateway View Plaza
  1600 West Carson Street, Suite 300
  Pittsburgh, PA 15219

LIFE INSURANCE COMPANY OF NORTH AMERICA,

  Serve:
  Cassandra Parker-Brown
  Senior Claims Manager
  Gateway View Plaza
  1600 West Carson Street, Suite 300
  Pittsburgh, PA 15219

and

THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS LTD PLAN,
  Serve:
  Cassandra Parker-Brown
  Senior Claims Manager
  CIGNA Insurance Company
  Gateway View Plaza
  1600 West Carson Street, Suite 300
  Pittsburgh, PA 15219

    Defendants.

Civil Action No.:

## COMPLAINT

(Denial of Long Term Disability Insurance Benefits)

1. This lawsuit seeks to compel defendants to provide Long Term Disability ("LTD") benefits to plaintiff because she meets the qualifications for such benefits as provided in the LTD Plan documents. Plaintiff is a concert violinist with the National Symphony Orchestra. A professional violinist must have precise muscle control of both arms and hands and all of her fingers. One hand has to move the bow at a precise angle and pressure while the other hand supports the violin and the fingers press the strings in precise positions and at precise times. She must do all of this while sitting in a chair under bright lights for more than two hours per performance, supporting the violin with her head and shoulder, and simultaneously reading sheet music and watching the conductor while loud music is playing around her. During the relevant time, plaintiff suffered from a set of symptoms often seen in Lyme disease patients, including muscular tremors and control problems, vision problems, noise and light sensitivity, stiff neck and back pain, severe fatigue, numbness and tingling in the head, hands and fingers, and the inability to sit in a chair for long periods of time. These and other symptoms rendered plaintiff unable to perform the material duties of her regular occupation as a concert violinist. Accordingly, she met the policy definition for LTD benefits and was entitled to be paid under the policy.

## JURISDICTION

2. This lawsuit is brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* to remedy the actions of defendants in denying plaintiff benefits due under plaintiff's Long Term Disability Plant ("LTD" or the "Plan") and other statutory and contractual violations.

2

3. Jurisdiction of this Court is founded on ERISA, including but not limited to 29 U.S.C. §§ 1132 & 1140, and 28 U.S.C. 1331. Venue is proper as plaintiff resides in, and would have collected benefits in, this judicial district.

4. Unless otherwise stated, all allegations are made on information and belief.

**PARTIES**

5. Plaintiff Cynthia Finks is employed by The John F. Kennedy Center for the Performing Arts to work in the National Symphony Orchestra (NSO) as concert violinist. At all relevant times, Ms. Finks was employed by the NSO and she remains employed by NSO as of the filing of this Complaint. Ms. Finks is an "employee" of the NSO and a "beneficiary" of the LTD Plan of as those terms are used in ERISA.

6. The National Symphony Orchestra is part of The John F. Kennedy Center for the Performing Arts (hereafter "NSO"), and is a corporation authorized to do business in the District of Columbia which, among other things, employs musicians to perform in the District of Columbia and other locations. NSO is an "employer" as that term is used in ERISA. NSO provides various benefits to its employees, including but not limited to a Long Term Disability ("LTD") insurance plan. The NSO LTD Plan (the "Plan" or "LTD Plan") is a "Plan" as that term is defined in ERISA.

7. Defendant Cigna Insurance Company is an insurance company that provides, among other things, benefits to NSO employees under NSO's LTD Plan. Cigna is the administrator for NSO's LTD Plan. If benefits are provided under NSO's LTD Plan, Cigna bears the cost of paying those benefits, either directly or through a subsidiary. Cigna is a "fiduciary" to NSO's LTD Plan participants as that term is used in ERISA.

8. Defendant Life Insurance Company of North America (LICNA) is an insurance company that provides, among other things, benefits to NSO employees under NSO's LTD Plan.

3

LICNA is a subsidiary of defendant Cigna Insurance Company. LICNA is listed as the underwriter of the LTD Plan on documents provided to plaintiff. If benefits are provided under NSO's LTD Plan, LICNA bears the cost of paying those benefits, either directly or indirectly. LICNA is a "fiduciary" to NSO's LTD Plan participants as that term is used in ERISA. Defendants Cigna and Life Insurance Company of North America are referred to collectively herein as Cigna.

9. Both Cigna Insurance Company and LICNA have a financial interest in the LTD eligibility determination.

10. Ms. Finks is covered by the LTD Plan. Ms. Finks is entitled to benefits under the LTD plan if she meets the requirements stated in the plan documents. During the relevant time, Ms. Finks met all requirements for LTD benefits under the LTD Plan. Ms. Finks met all requirements for LTD benefits under the LTD Plan from approximately September 7, 2006, through July 18, 2008, continuously.

11. Cigna is the insurer of the LTD Plan. Cigna has a direct financial interest in the benefits decisions made pursuant to the LTD plan. Cigna insures and operates the LTD Plan for profit. Cigna's profit margin on the LTD Plan is directly related to the number and amount of benefit claims paid out. Cigna makes more money (or loses less money) if the number and/or value of approved benefits is reduced. Cigna has a direct financial interest in denying claims.

## FACTS

12. Ms. Finks has been employed by the NSO since September 8, 1992.

13. Ms. Finks was employed by NSO as a concert violinist. The duties of a concert violinist are demanding and require precise muscle control and concentration. The bowing arm (usually the right arm) must move the bow at a precise angle and pressure, and at a controlled

velocity. If the bow is at the wrong angle, it may touch an adjacent string. If the pressure or speed is off, the string may produce an unpleasant sound. If the bowing is not regular and controlled, the notes will not sound steady, and may warble. Fatigue in the bowing arm can be a problem for violinists that can interfere with the ability to perform for the duration of a concert.

14. The other arm (typically the left arm) supports the violin and presses the strings to form the notes. To form a note, the correct string must be pressed by one of the fingers on the left hand in the precisely correct position. A slight error in placement of the finger will produce a note that is sharp or flat. The neck of a violin does not have "frets" the way some other stringed instruments do, such as guitar. Because there are no frets, there is no margin for error in the placement of the left-hand's fingers. The fingers must reposition on the strings based on both the tempo and the melody, but this often requires rapid movements of the fingers. A slight delay, tremor or misplacement in the movement of a finger will result in incorrect notes being played or an unpleasant sound.

15. The violin is supported by the left hand and the performer's head and neck. If the musician has difficulty maintaining the correct angle and placement of her head and neck, the instrument may slip or be unsteady, thereby causing unacceptable errors during a performance.

16. Loud or fast passages of music require vigorous effort and precise coordination between the fingers of the left hand and the movements of the right (bowing) arm. Softer passages require not only coordination but also the ability to move the right arm steadily without shaking, tremors or jerking; it also requires strength and stamina.

17. While playing a concert, the violinist has to read sheet music. Depending on the piece of music, the notation can be both dense and complex. In addition to concentrating on the sheet music, the performer must also be able to see the conductor for tempo, timing and cues, among other information. It is also necessary to watch other orchestra members for cues. Most

of the time, the performer has to bend forward to reach out and turn the pages of the music while quickly resuming the performing posture and being able to regain visual focus on both the page and the conductor. A single piece of music can last as long as 90 minutes.

18. Most concerts last for more than two hours, and the schedule usually calls for 2 hours and 15 minutes per performance. The musicians usually remain on stage for the entire performance other than during a brief intermission. There are usually only a few breaks between the music pieces during which the hands and arms can fully relax. During a performance, a violinist must remain seated in an upright posture. In the John F. Kennedy Center for the Performing Arts (the "Kennedy Center"), the NSO's home venue, the stage is brightly lit for performances, and this is also true of most other venues. The violinists generally sit together in the string section but surrounded by, and in close proximity to, the entire orchestra. The violinists typically sit in front of other instruments including the French Horns, Trombones, and Piccolos. This makes the music volume quite loud for the violinists in all but the softest of compositions or passages.

19. The violinist must be able to sit for long periods of time, both for rehearsals and performance. During these times, he or she must be alert, non-drowsy, and have the muscular coordination and dexterity to play and control a musical instrument.

20. During the relevant time, Ms. Finks had the following symptoms: Tremors and muscular control problems, visual problems, dizziness when changing visual focus from near to far, severe fatigue, difficulty concentrating and short attention span, noise and light sensitivity, frequent migraine headaches, inability to sit up straight in a chair for more than 15 minutes at a time; tinnitus (ringing in the ears), stiff neck, back pain, and numbness and tingling of the left side of face, head and arm. These symptoms commenced in early 2006, and became disabling on or before September 7, 2006. These symptoms continued at least through July 18, 2008.

21. These symptoms, singly and in combination, caused Ms. Finks to be unable to perform all the material duties of her regular occupation. These symptoms, singly and in combination, caused Ms. Finks to be unable to earn 80% or more of her salary as a concert violinist.

22. According to the LTD Policy, "The employee is considered disabled if, solely because of injury or sickness, he or she is (1) unable to perform all the material duties of his/her regular occupation; and (2) unable to earn 80% or more of his/her Indexed Earnings from working in his/her Regular Occupation.

23. Ms. Finks met the definition of being disabled under the terms of the LTD Policy. Ms. Finks was disabled, as that term is used in the LTD Plan, from on or before September 2006 through July 2008.

24. Ms. Finks made a proper claim under the terms of the LTD policy and supported it with appropriate documentation. Ms. Finks cooperated with all requests for information. Cigna was able to communicate directly with Ms. Finks' health care providers. Cigna assigned Ms. Finks' claim Incident No. 1561208 for the Plan/Policy Holder LK0960297 for The John F. Kennedy Center for the Performing Arts.

25. There is abundant evidence in the claims file supporting the symptoms and the fact that Ms. Finks was disabled from performing the material duties of her occupation. There is no evidence in the claims file suggesting that Ms. Finks was not disabled.

26. Ms. Finks has complied fully with all administrative requirements to obtain LTD benefits. Ms. Finks has pursued all required administrative appeals. All conditions and prerequisites for this suit have been satisfied.

## COUNT ONE

(Denial of LTD Benefits)

7

27. Plaintiff hereby incorporates all earlier allegations contained in this Complaint.

28. Ms. Finks meets all required eligibility requirements for LTD benefits under the NSO LTD Plan insured and administered by Cigna.

29. Defendants, separately and independently, owed a fiduciary duty to Ms. Finks to ensure that she received LTD benefits if she qualified under the Plan. Defendants, separately and independently, have violated their fiduciary duties owed to plaintiff.

30. Defendants acted arbitrarily, capriciously and/or in disregard of their obligations to plaintiff in denying her LTD benefits.

31. Ms. Finks is entitled to LTD benefits retroactive to the onset of her symptoms in September 2006 through July 2008.

32. All prerequisites to suit on this count have been satisfied.

## COUNT TWO

(Violation of Statutory and Contractual Deadlines)

33. Plaintiff hereby incorporates all earlier allegations contained in this Complaint.

34. Cigna was required by plan documents and relevant regulations to issue decision on internal appeal on or before January 8, 2008. Cigna failed to meet this deadline.

35. Cigna's response letter bears two postage-meter dates, one on January 19, 2008 (for 37 cents postage) and one on January 23, 2008 (for 3 cents postage). The letter was received on January 28. Notwithstanding this, Cigna dated the letter January 8, 2008. This date does not reflect the actual date the letter was mailed.

36. Cigna violated the time limits of its plan and in the relevant regulations.

37. Because Cigna did not deny the appeal in a timely manner, it is estopped from contesting the benefits now.

38. All prerequisites to suit on this count have been satisfied.

WHEREFORE, plaintiff asks that this Court:

1) declare that plaintiff is entitled to LTD benefits under the Plan documents and award plaintiff's LTD benefits retroactive to the date of disability, with prejudgment interest and all attendant benefits;

2) award compensatory damages in an amount to be proven at trial;

3) award punitive damages in an amount to be proven at trial;

4) award Ms. Finks all statutory penalties and fines available under law for defendants' unlawful conduct and breach of fiduciary duty;

5) award plaintiff her costs, including reasonable attorneys' fees; and

6) award such other relief as the Court deems just.

## JURY DEMAND

Plaintiff requests trial by jury.

_____
Stephen Z. Chertkof
Heller, Huron, Chertkof, Lerner, Simon & Salzman
1730 M Street, N.W., Suite 412
Washington, DC 20036
(202) 293-8090
Fax: (202) 293-7110

K
08-1272
ESH

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CYNTHIA FINKS<br>1546 Forest Villa Lane<br>McLean, VA 22101 | CIGNA INSURANCE COMPANY, ET AL<br>Cassandra Parker-Brown<br>Senior Claims Manager, Gateway View Plaza, 1600 West Carson St , #300<br>Pittsburg, PA 15219 |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>STEPHEN Z. CHERTKOF (451713)<br>Heller, Huron, Chertkof, Lerner, Simon & Salzman<br>1730 M Street, NW, Suite 412<br>Washington, DC 20036<br>(202) 293-8090 | AT<br>Case: 1:08-cv-01272<br>Assigned To : Huvelle, Ellen S.<br>Assign. Date : 7/24/2008<br>Description: Labor-ERISA<br>JURY ACTION |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 3 Federal Question (U.S Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**
Any nature of suit from any category may be selected for this category of case assignment.
*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

|  ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ◉ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
ERISA - denial of LTD Benefits    29 USC 1001

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ Over $150,000   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 7/24/08   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.