IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------------------

CYNTHIA FINKS,

    Plaintiff,

v.

CIGNA INSURANCE COMPANY, et al.

    Defendants.

:
:
:
:
:
:
:

Civil Action No. 1:08cv1272

------------------------------------------------------------------------

**ANSWER TO COMPLAINT BY DEFENDANT
LIFE INSURANCE COMPANY OF NORTH AMERICA**

Defendant Life Insurance Company of North America ("LINA"), through counsel, hereby

answers the Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to state claims upon which relief can be granted.

**SECOND DEFENSE**

Subject to the limitations set forth herein, the numbered paragraphs of the Complaint are

answered below.  As noted in its paragraph 8, the Complaint references LINA and CIGNA

Insurance Company collectively as "CIGNA."  Because LINA is unrelated to CIGNA Insurance

Company, and has been since that company was sold in 1999, LINA lacks information or

knowledge to answer any allegations on behalf of that entity.  As such, LINA's responses to the

individually numbered paragraphs treat collective references to "CIGNA" as allegations against

LINA only.

1.      LINA denies Plaintiff was entitled to be paid LTD benefits and denies Plaintiff

met the policy definition for LTD benefits. The remaining allegations contained in paragraph 1

103010.1

are Plaintiff's summary of her specific symptoms and employment history, to which LINA lacks

sufficient knowledge or information to form a belief as to the truth of these allegations.

## JURISDICTION

2.      Paragraph 2 of the Complaint sets forth Plaintiff's characterization of her cause of

action. Therefore, no response is required. To the extent a response is required, LINA states that

the Complaint speaks for itself with regard to the nature of claims and relief sought.

3.      Paragraph 3 of the Complaint sets forth legal conclusions regarding jurisdiction

and venue, to which no response is required. To the extent a response is required, LINA lacks

sufficient knowledge or information to form a belief as to the truth of these allegations.

4.      Paragraph 4 does not contain any allegations. Therefore, no response is required.

## PARTIES

5.      LINA denies the allegations contained in the last sentence of paragraph 5 of the

Complaint as phrased. Upon information and belief, Plaintiff was employed by the National

Symphony Orchestra as a violinist until September 7, 2006. LINA lacks sufficient information or

knowledge to respond to the remaining factual allegations in paragraph 5 of the Complaint and

demands strict proof thereof.

6.      LINA lacks sufficient information or knowledge to respond to the allegations in

paragraph 6 of the Complaint and demands strict proof thereof.

7.      The allegations of this paragraph are directed at another Defendant and, as such,

no response is required of LINA. To the extent a response may be required, LINA is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 7 of the Complaint.

8.      LINA admits it is an insurance company that it provides benefits to NSO

employees under NSO's LTD Plan. LINA also admits it is the underwriter for the subject policy

103010.1

and is responsible for the cost of paying benefits, directly or indirectly. LINA denies it is a subsidiary of "CIGNA Insurance Company." LINA denies the remaining allegations of paragraph 8 of the Complaint as phrased.

9.      Denied.

10.     LINA admits Plaintiff would be entitled to benefits under the LTD plan if she met the requirements stated in the plan documents. LINA denies the remaining allegations of paragraph 10 of the Complaint.

11.     LINA admits it is the insurer of the subject LTD Plan. The remaining allegations contained in paragraph 11 set forth legal conclusions, to which no response is required. To the extent a response is required, LINA denies these allegations.

## FACTS

12.     LINA, upon information and belief, admits Plaintiff was employed by the NSO. LINA lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 of the Complaint, and demands strict proof thereof.

13.     Upon information and belief, LINA admits that Plaintiff was employed by the NSO. LINA lacks sufficient information or knowledge to respond to the remaining allegations in paragraph 13 of the Complaint, and demands strict proof thereof.

14.     LINA lacks sufficient information or knowledge to respond to the allegations in paragraph 14 of the Complaint, and demands strict proof thereof.

15.     LINA lacks sufficient information or knowledge to respond to the allegations in paragraph 15 of the Complaint, and demands strict proof thereof.

16.     LINA lacks sufficient information or knowledge to respond to the allegations in paragraph 16 of the Complaint, and demands strict proof thereof.

103010.1

17.    LINA lacks sufficient information or knowledge to respond to the allegations in paragraph 17 of the Complaint, and demands strict proof thereof.

18.    LINA lacks sufficient information or knowledge to respond to the allegations in paragraph 18 of the Complaint, and demands strict proof thereof.

19.    LINA lacks sufficient information or knowledge to respond to the allegations in paragraph 19 of the Complaint, and demands strict proof thereof.

20.    LINA denies that Plaintiff is "disabled" under the policy. LINA lacks sufficient information or knowledge to respond to the remaining allegations in paragraph 20 of the Complaint, and demands strict proof thereof.

21.    Denied.

22.    LINA states that the Policy in question speaks for itself with regard to the terms and conditions under which benefits may be available.

23.    Denied.

24.    LINA admits Ms. Finks' Incident Number is 1561208 and her Plan/Policy Number is LK0960297 for Plan/Policy Holder The John F. Kennedy Center for the Performing Arts. LINA also admits it was able to communicate with Plaintiff's health care providers. LINA denies the remaining allegations of paragraph 24 of the Complaint.

25.    Denied.

26.    Admitted.

<u>COUNT I</u>

(Denial of LTD Benefits)

27.    LINA hereby incorporates by reference as if fully set forth herein its responses to Paragraphs 1 through 26 of the Complaint.

28.    Denied.

4

103010.1

29.    Denied.

30.    Denied.

31.    Denied.

32.    Admitted.

## COUNT II

(Violation of Statutory and Contractual Deadlines)

33.    LINA hereby incorporates by reference as if fully set forth herein its responses to Paragraphs 1 through 33 of the Complaint.

34.    Denied.

35.    LINA admits dating its letter denying Plaintiff's entitlement to benefits January 8, 2008. LINA lacks information or knowledge sufficient to form a belief as to the truth of the allegations with respect to the postage-meter dates or the date Plaintiff received said letter. LINA denies the remaining allegations of paragraph 35 of the Complaint.

36.    Denied.

37.    Denied.

38.    Admitted.

WHEREFORE, LINA denies that plaintiff is entitled to any relief requested in the Complaint.

## THIRD DEFENSE

To the extent that Plaintiff alleges state law based claims or seeks state law based relief, such claims and relief are preempted or otherwise barred by the provisions of the Employee Retirement Income Security Act of 1974.

103010.1

## FOURTH DEFENSE

Plaintiff's claims are or may be barred by the provisions of the applicable employee welfare benefit plan or Group Insurance Contract.

## FIFTH DEFENSE

LINA's determinations were in accordance with the discretion afforded by the employee benefit plan or Group Insurance Contract and were not arbitrary, capricious, or an abuse of discretion.

## SIXTH DEFENSE

Plaintiff's recovery, if any, is or may be subject to LINA's entitlement to a set-off based on amounts already paid, overpaid, or expected to be paid to plaintiff, including but not limited to Social Security disability benefits that plaintiff may have received or continued to receive.

## SEVENTH DEFENSE

LINA acted in good faith as to all matters and at all times relevant to this action.

## EIGHTH DEFENSE

LINA asserts that Plaintiff has or may have failed to mitigate her damages.

## NINTH DEFENSE

LINA reserves the right to assert that all claims made in this suit are or may be barred by the doctrines of waiver, laches, estoppel, unclean hands, and payment, and may be barred by the applicable statute of limitations.

## TENTH DEFENSE

LINA hereby reserve the right to assert those defenses that may become known as a result of discovery or investigation of this matter.

**WHEREFORE**, Defendant Life Insurance Company of North America, having fully answered the Complaint, respectfully request:

103010.1

a.      That the Court dismiss the Complaint with prejudice;

b.      That the Court award LINA the costs incurred as a result of this lawsuit including

reasonable attorney's fees;

c.      That the Court award LINA such further relief as it deems just and proper.


Respectfully submitted,

LIFE INSURANCE COMPANY OF NORTH AMERICA
By Counsel

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP


_____/s/ _____
Walter L. Williams, Esquire (Bar # 455852)
Kathryn A. Grace, Esquire (Bar # 502857)
8444 Westpark Drive - Suite 510
McLean, Virginia 22102
(703) 245-9300 (telephone)
(703) 245-9301 (facsimile)
Walter.Williams@WilsonElser.com
Kathryn.Grace@WilsonElser.com
*Counsel for Defendant Life Insurance*
*Company of North America*

7

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing Answer of the Defendant The Life Insurance Company of North America to the Plaintiff's Complaint was e-filed with the Court and electronically served on counsel this 15th day of August, 2008 to:

> Stephen Z. Certkof, Esquire
> Heller, Huron, Chertkof, Lerner, Simon & Salzman
> 1730 M. Street, N.W., Suite 412
> Washington, D.C. 20036
> Tel: (202) 293-8090
> Fax: (202) 293-7110
> szc@hellerhuron.com
> Counsel for Plaintiff

/s/ _____

Kathryn A. Grace, Esquire
